IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BRENDAN WELCH,

        Plaintiff,

vs.

DON A. STAGGS, CINDY BASSETT, and ZACHERY KELLER,

        Defendants.

8:24CV239

MEMORANDUM AND ORDER

Plaintiff Brendan Welch ("Plaintiff"), a non-prisoner, filed a pro se Complaint on June 20, 2024. Filing No. 1. Plaintiff was granted leave to proceed in forma pauperis. Filing No. 12.

The Court now conducts an initial review of Plaintiff's pro se Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e),[1] and finds that, for a multitude of reasons, Plaintiff's Complaint is deficient and shall be dismissed without prejudice.

First, Plaintiff brings his Complaint pursuant to the Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution, Articles 5, 6, and 12 of "human rights" and violations of 18 U.S.C. § 241. Filing No. 1 at 2. However, 18 U.S.C. § 241 is a federal criminal statute which is only enforceable by the federal government, not private citizens. *See e.g. Rockefeller v. U.S. Court of Appeals Office for Tenth Circuit Judges*, 248 F.Supp.2d 17, 23 (D.D.C. 2003) (dismissing claims brought pursuant to 18 U.S.C. §§

---

[1] This Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). A complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief, must be dismissed. 28 U.S.C. § 1915(e)(2)(B).

242, 371 "because, as criminal statutes, they do not convey a private right of action"); *McIntyre on Behalf of S.B.M. v. Brown*, No. 1:18 CV 1893, 2019 WL 524071, at *4 (N.D. Ohio Feb. 11, 2019) (dismissing claims brought pursuant to 18 U.S.C. §§ 241, 3283, and 1169 as these are federal criminal statutes under which a private citizen has no authority to proceed).

Plaintiff also attempts to bring claims under an unspecified "Human Rights Act." While some states have such acts, *see e.g. Brandon v. Bd. of Educ. of City of St. Louis*, No. 4:22-CV-00635-SRC, 2023 WL 4104293, at *4 (E.D. Mo. June 21, 2023) (discussing a plaintiff's claims under the Missouri Human Rights Act), Nebraska does not. To the extent Plaintiff is referencing the "Human Rights Act" as discussed by the Equality and Human Rights Commission, the Act does not apply to United States Citizens. *See* Equality and Human Rights Commission, *Human Rights Act*, available at https://www.equalityhumanrights.com/human-rights/human-rights-act (last accessed Feb. 3, 2025) (stating the Human Rights Act applies to citizens of England, Wales, and Scotland). Ultimately, any attempt to bring claims under these inapplicable acts also cannot proceed.

Plaintiff's Compliant also suffers from a multitude of pleading deficiencies rendering it subject to dismissal. Plaintiff appears to seek damages from defendants Lancaster County Attorney Don A. Staggs, Greely County Attorney Cindy Bassett, and Dr. Zachery Keller resulting from allegedly false and malicious statements including an allegedly false affidavit relating to or resulting in the filing of charges against Plaintiff. Filing No. 1 at 2, 4. The totality of factual allegations set forth in the Complaint are as follows:

> On May 7, 2024; filed on May 21st, 2024; Cindy Bas[s]ett wrote a false affidavit; under 28-612; 28-915.01 and Neb. Rev. Stat. 2532; stating false and malicious statements about [Plaintiff]. Cindy Bas[s]et on or about April 19th, 2024 did knowingly and deliberately file charges frivolous in nature; committing perjury again against [Plaintiff]. Donn A. Staggs filed malicious charges against [Plaintiff] and Dr. Zachery Keller did so disseminate false statements and committed malpractice by stating [Plaintiff has] a diagnosis which [Plaintiff does] not have.

*Id.* at 4 (spelling corrected). As a result of the defendants' actions, Plaintiff alleges he suffered emotional distress and damage to his reputation. *Id.*

The vague connections between the defendants and their alleged actions coupled with conclusory statements that violations were committed completely fails to meet the standards of Federal Rule of Civil Procedure 8 which requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). However, Pro se plaintiffs must still set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Twombly*, 550 U.S. at 569–70; *see also Ashcroft v. Iqbal,*

3

556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Here, conclusory statements such as Plaintiff's allegation that defendant Staggs filed malicious charges against him do not meet Rule 8 pleading standards. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet Rule 8. *Wit v. City of Lincoln, Nebraska*, No. 4:19CV3006, 2019 WL 1459054, at *3 (D. Neb. Apr. 2, 2019) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). And this example is just the beginning. Ultimately there are no facts connecting any of the defendants to any of the Constitutional violations alleged in the Complaint. In fact, as pleaded, this Court is unable to determine with any certainty a factual basis for any of Plaintiff's alleged claims.

There is also no connection between the facts as set forth in the Complaint and the alleged constitutional violations. Plaintiff alleges that some of his claims arise under the Fifth Amendment. Filing No. 1 at 3. The Fifth Amendment of the United States Constitution governs "Grand Jury Indictment for Capital Crimes; Double Jeopardy; Self-Incrimination; Due Process of Law; Takings without Just Compensation," and reads:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

U.S. Const. amend. V. The factual allegations in the Complaint are so sparce that this Court cannot even guess which clause of the Fifth Amendment Plaintiff could possibly be

referencing, nevertheless which defendant or defendants any Fifth Amendment claim might be brought against. These deficiencies render the Complaint unable to proceed as pleaded.

While in lieu of dismissal this Court could grant Plaintiff leave to amend if he so chooses, amendment is likely futile regarding the county attorney defendants Staggs and Bassett as "a prosecutor is absolutely immune for appearing before a judicial officer to present evidence in support of an application for an arrest warrant, insofar as he acts as the state's advocate in presenting evidence and arguing the law." *Kohl v. Casson*, 5 F.3d 1141, 1146 (8th Cir. 1993). Accordingly, to the extent that Plaintiff is suing Bassett and Staggs in a prosecutorial capacity, they enjoy absolute immunity from suit. *Id.* (citing *Burns v. Reed*, 500 U.S. 478 (1991)).

Finally, and more importantly, there is nothing in this Memorandum and Order that Plaintiff has not already been informed of in the many prior cases he has filed in this jurisdiction. Plaintiff has been informed in multiple cases that he cannot proceed under 18 U.S.C. § 241 as it is a criminal statute that does not provide a private right of action. *See e.g Welch v. S. Wolf*, No. 4:23CV3254, 2024 WL 5186893, at *2 (D. Neb. Dec. 20, 2024) (explaining that there is no private right of action under 18 U.S.C. § 241); *Welch v. Morgan & Morgan*, No. 8:23CV350, 2023 WL 5297294, at *3 (D. Neb. Aug. 17, 2023); *Welch v. Double 00 Shitshow*, No. 8:23CV318, 2023 WL 5826690, at *3 (D. Neb. Sept. 8, 2023), *aff'd*, No. 23-3290, 2023 WL 11018420 (8th Cir. Oct. 26, 2023). Plaintiff has also previously been informed that he cannot proceed under the Human Rights Act. *See Welch*, 2024 WL 5186893, at *2. And, in nearly every case Plaintiff has filed in the last three years with this Court, he has been informed of the requirements of Rule 8 but

continues to fail to meet its requirements. *See e.g. Welch*, 2024 WL 5186893 at *4 ("At this point this Court is unable to ascertain the nature of Plaintiff's claims . . . and which defendant or defendants were involved in the alleged violation, nor can it be determined how or when any alleged violative incident took place, or what was the resulting harm"); *Welch v. Double 00 Shitshow*, No. 8:23CV318, 2023 WL 5297287, at *3 (D. Neb. Aug. 17, 2023) (Finding Plaintiff failed to meet the Rule 8 pleading standard as: "The Court is unable to ascertain any connection between the conclusory allegations made by Plaintiffs, such as libel, false light, malicious defamation or misappropriation, and what specific defendants were involved in each alleged violation. Nor can it be determined how or when the any alleged violative incident took place, or any detail of the resulting harm."); *Welch v. Wright*, No. 4:23CV3128, 2023 WL 5287421, at *11 (D. Neb. Aug. 17, 2023) (the complaint fails to meet the minimal pleading standard of Rule 8 as there is no connection between the conclusory allegations made by Plaintiff and what specific defendants were involved in each alleged violation.); *Welch v. Wooster*, No. 4:24CV3038, 2025 WL 213845, at *3 (D. Neb. Jan. 16, 2025) ("Plaintiff simply concludes that his search, seizure, and arrest were unconstitutional because the police allegedly did so without a warrant. However, such conclusory statements do not meet Rule 8 pleading standards.").

As at this juncture Plaintiff is well aware of the pleading requirements under Rule 8, yet fails to follow them, and as it appears the majority, if not all, of Plaintiff's claims cannot proceed even if amended, the Complaint shall be dismissed in its entirety.

IT IS THEREFORE ORDERED that:

1. Plaintiffs' Complaint, Filing No. 1, is dismissed without prejudice.
2. The Court will enter a separate judgment consistent with this order.

Dated this 5th day of February, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge